UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERZY STANISLAW TUREK,

        Plaintiff,                  CIVIL ACTION NO. 05-70405

-vs-                                   PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

DEPARTMENT OF HOMELAND
SECURITY; and CAROL JENIFER,
District Director, OFFICE OF
CITIZENSHIP AND IMMIGRATION
SERVICES,

        Defendants.
_____/

## ORDER
### (1) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED PETITION FOR MANDATORY RELIEF; AND
### (2) DENYING PLAINTIFF'S MOTION FOR STAY AND RELEASE FROM CUSTODY

Plaintiff seeks to require the Detroit branch of the Office of Citizenship and Immigration Services ("OCIS") to reconsider its decision finding that Plaintiff Jerzy Turek ("Plaintiff") did not qualify for "immediate relative" status because his petitioning spouse died ten months after her I-30 immediate relative petition was filed.

The term "immediate relative," is defined in 8 U.S.C. § 1151(b)(2)(A)(i):

> . . . the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. In the case of an alien who was the spouse of a citizen of the United States for at least 2 years at the time of the citizen's death and was not legally separated from the citizen at the time of the citizen's death, the alien (and each child of the alien) shall be considered, for purposes of this subsection, to remain an immediate relative after the date of the citizen's death but only if the spouse files a petition under section 204(a)(1)(A)(ii) [of this title] within 2 years after such date and only until the date the spouse remarries.

At a hearing held on Monday, August 28, 2006, Plaintiff advised the court and Defendants of the recent decision of the United States Court of Appeals for the Ninth Circuit in *Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006), which he believes compels the Court to deny Defendants' motion, and requires this Court to remand to the District Director of the Bureau of Citizenship and Immigration Services ("BCIS").  In *Freeman*, the Ninth Circuit Court of Appeals held that "an alien widow whose citizen spouse filed the necessary immediate relative petition form, but died within two years of the qualifying marriage, nonetheless remains a spouse for purposes of 8 U.S.C. § 1151(b)(2)(A)(i), and is entitled to be treated as such when DHS adjudicates her adjustment of status application."  444 F.3d at 1034.

**ARGUMENTS:**

Defendants contend that this Court should not follow *Freeman*.  First, citing *Matter of Varela*, 13 I & N Dec. 453 (BIA 1970), Defendants argue that the Board of Immigration Appeals has interpreted  8 U.S.C. § 1151(b)(2)(A)(i) as rendering the beneficiary of a spousal immediate relative petition ineligible for that status if the petitioning spouse dies before the statutory two-year time period.  Citing 8 C.F.R. § 205.1(a)(3)(i)(C), Defendants state that if the immediate relative petition was already granted, and the petitioning spouse died, the petition was automatically revoked unless the Attorney General, in his discretion, determined that revocation of the petition was inappropriate for "humanitarian" reasons.  Defendants argue that the Ninth Circuit failed to give proper deference to *Matter of Varela*, and that because the BIA has given a more reasonable interpretation of the statute in question, the *Freeman* case should not be followed by this Court.

Defendants further contend that *Freeman* is irreconcilable with two other Ninth Circuit

decisions.[1]  Defendants contend that neither opinion discussed the issue in this case or the *Freeman* case – whether an alien is still a "spouse" of a U.S. Citizen after the death of the petitioning citizen-spouse – but that such a conclusion was implicit in *Dodig* and *Abboud*.  They argue that if the Ninth Circuit was correct in its *Freeman* decision, then neither Dodig nor Abboud would have been disqualified from immediate relative status by the death of their respective spouses before their applications were decided, and thus no "revival" of such status would have been required under 8 C.F.R. § 205.1(a)(3).

Defendants further argue that the great variance in the *Freeman* and *Dodig* opinions strongly suggests that the Ninth Circuit misinterpreted the plain language of the immediate relative statute and Congress' intent in passing it.  Defendants point out that nothing in the first sentence of 8 U.S.C. § 1151(b)(2)(A)(i) suggests that an alien beneficiary remains a "spouse" of a U.S. citizen after the death of the citizen, but that Congress did consider the premature death of the U.S. citizen-spouse in the second sentence of the statute, and imposed limitations on when such surviving spouse could qualify for immediate relative status.  Defendants claim that the Ninth Circuit's interpretation that the statutory term "spouse" remains irretrievably determined at the time the immediate relative petition is filed, regardless of the dissolution of the marriage by death or divorce subsequent to the filing, has no support in the statute.  Defendants further contend that it is counterintuitive for a court to determine that a spousal relationship endures

---

[1] *Dodig v. INS*, 9 F.3d 1418, 1420 (9th Cir. 1993) (rejecting the argument that the plaintiff should have been granted relief for "humanitarian" reasons because 8 C.F.R. § 205.1(a)(3), which covers "automatic revocation of approval, with a humanitarian exception to revocation, does not operate unless there has been an approval."); *Abboud v. INS*, 140 F.3d 843, 849 (9th Cir. 1998) (citing *Dodig* for the proposition that "humanitarian relief is not available under this regulation where the petitioner has died prior to the approval of the Relative Petition.").

beyond the dissolution of the marital relationship. Defendants argue that it is nonsensical for the Ninth Circuit to decide that the death of the U.S. citizen implicitly voids an approved immediate relative petition (*Dodig*) but has no effect on an unapproved petition (*Freeman*). Defendants state that the *Freeman* decision takes no account of 8 C.F.R. § 205.1(a)(3)(i)(C), which automatically revokes an approved immediate relative petition after the death of the U.S. citizen spouse. Defendants further state that the entire purpose of the "immediate relative" category – which is to promote the unity of families of U.S. citizens – can no longer be met here where Plaintiff's former wife is now deceased.

This Court, nevertheless, recognizes that *Freeman* stands as controlling law in the Ninth Circuit, but concludes that *Freeman* is not a correct interpretation of the statute.

Defendants further contend that, unlike *Freeman*, the government did not have the "power to grant" Diane Turek's immediate relative petition at the time of her death because: 1) she had just completed her N-600 hearing to establish her U.S. citizenship on the day before her death, and her necessary certificate of citizenship had not issued before her death; and 2) because of the statutory presumption against the validity of a marriage entered into while an alien is in removal proceedings, the immediate relative petition was not grantable at the time of Diane Turek's death.

Plaintiff counters that the government has decided not to appeal the Ninth Circuit's decision in *Freeman*. Plaintiff contends that if the government disagreed with *Freeman*, it should have sought a *writ of certiorari* to the Supreme Court or at least asked for an *en banc* hearing. Instead, the government's post-*Freeman* inaction will result in that decision being the law in the entire Ninth Circuit, so that if this case arose in that circuit, the district court would

have been bound to follow *Freeman*. Accordingly, Ninth Circuit plaintiffs will have their I-130 petitions reviewed by the BCIS, but similarly situated individuals in Michigan and the other 41 states do not receive that benefit – an occurrence which Plaintiff argues is unconstitutional.

Alternatively, Defendants argue that even if this Court were to follow the *Freeman* decision, the relief sought by Plaintiff cannot be granted by this Court because Plaintiff's marriage was presumptively fraudulent because he entered into the marriage in question after he was placed in removal proceedings. Plaintiff was placed in removal proceedings on May 28, 2003; Plaintiff married his U.S. citizen spouse on July 11, 2003. Indeed, Plaintiff had divorced his wife, Jadwiga Turek, the mother of his two minor children, Lukasz and Mateusz on June 4, 2003, after he had been placed in removal proceedings.

Plaintiff argues that the government is mischaracterizing the relief requested. Plaintiff states that he is able to prove that his marriage was not fraudulent because he filed for divorce from his Polish wife on March 21, 2003, two months before being placed in removal proceedings. Plaintiff contends that he is only asking for his case to be reviewed by the BCIS, not grant him a green card.

## **ANALYSIS:**

After reviewing the case law and submissions of both parties, and having heard oral argument in this matter, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Petition for Mandatory Relief. The Court declines to accept the reasoning of the Ninth Circuit's opinion in *Freeman*.

The *Freeman* decision is not binding precedent within the Sixth Circuit. The Court finds persuasive that the BIA had previously determined that the beneficiary of a spousal immediate

relative petition would be ineligible for that status if the petitioning spouse dies before the statutory two-year time period. *See Matter of Varela*, 13 I & N Dec. 453 (BIA 1970). The statute makes clear that "immediate relative" status is reserved for an alien who is the spouse of a citizen of the United States "for at least 2 years at the time of the citizen's death," 8 U.S.C. § 1151(b)(2)(A)(i),  It is undisputed that Plaintiff was not married to Diane Turek for two years, prior to her death. Accordingly, Plaintiff was disqualified from consideration for immediate relative status by Diane Turek's death prior to the approval of the relative petition.

Moreover, even if the Court were to follow the *Freeman* holding, the Court finds that the timing of Plaintiff's marriage to Diane Turek raises a presumption that the marriage was not done in good faith. Federal law makes clear that an immediate relative petition cannot be granted if the marriage in question was entered into while the alien was in removal proceedings unless the alien can establish with clear and convincing evidence that the marriage was entered into in good faith. *See* 8 U.S.C. §§ 1154(g); 8 C.F.R. § 204.2(a)(1)(iii). Plaintiff was arrested on May 28, 2003 and placed in removal proceedings for overstaying his temporary visa. Plaintiff did not receive a divorce from his first wife until June 4, 2003. On July 11, 2003, Plaintiff married Diane Turek. Plaintiff has not provided any additional evidence to rebut the statutory presumption that his marriage was not entered into in good faith. Therefore, the Court finds that the immediate relative petition could not be granted at the time Diane Turek passed away.

Finally, the Court does not find a constitutional violation insofar as the Ninth Circuit precedent favors Plaintiff while similarly situated plaintiffs in other circuits do not benefit from that decision. The Court finds this situation as analogous to the government "fast-track"

6

disposition programs that provide the potential for lesser sentences for aliens arrested in certain designated districts, but that benefit is not available to similarly-charged alien defendants prosecuted in other districts.  That analogous situation has not been found to violate the Equal Protection Clause of the Constitution in this circuit.  In *United States v. Hernandez-Fierros*, __ F.3d __ (6th Cir. 2006)(#05-2206, July 3, 2006) the Sixth Circuit noted that a Defendant had, in a fast-track case, raised in Equal Protection Clause issue at oral argument, but the court declined to rule on that issue because the issue had not been raised in that Defendant's briefs.  Plaintiff has not provided this Court with precedent to support his Equal Protection Clause claim.

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Petition for Mandatory Relief is GRANTED, and (2) Plaintiff's Motion for Stay and Release from Custody is DENIED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 6, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 6, 2006.

s/Denise Goodine
Case Manager